UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

TIMOTHY KEVIN CROWLEY,

                        Plaintiff,     1:16-cv-00393-MAT
                                  **DECISION AND ORDER**
        -vs-

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                    Defendant.
─────────────────────────────────

## INTRODUCTION

Timothy Kevin Crowley ("Plaintiff"), represented by counsel, brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 1383(c). Presently before the Court are the parties' competing motions for judgement on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On October 30, 2012, Plaintiff protectively filed an application for SSI, alleging disability as of November 1, 2011, due to spinal injury, gun shot wound to back, heart issues,

aneurysms, and hypertension. Administrative Transcript ("T.") 100. The claim was initially denied on February 1, 2013. T. 110-20. At Plaintiff's request, a hearing was conducted on April 25, 2014, in Buffalo, New York by administrative law judge ("ALJ") Marilyn D. Zahm, with Plaintiff appearing with his attorney. A vocational expert ("VE") also testified. T. 39-82. Following the hearing, the ALJ requested additional information from several of Plaintiff's treating physicians and ordered a consultative examination. T. 17. The ALJ held a supplemental hearing on September 5, 2014, in Buffalo, New York. T. 83-98. Once again, Plaintiff appeared with his attorney, and a VE also testified. *Id*.

The ALJ issued an unfavorable decision on November 3, 2014. T. 14-33. Plaintiff timely requested review of the ALJ's decision by the Appeals Council. T. 7. On March 18, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. T. 20.

At step two, the ALJ determined that Plaintiff had the "severe" impairments of: status post multiple gunshot wounds causing persistent lower back pain and right leg pain. *Id.* The ALJ also considered Plaintiff's history of hypertension and aneurysms. T. 20-21. The ALJ determined that, based on the medical records, Plaintiff's hypertension did not cause more than minimal limitations on his ability to perform work-related activities. T. 21. The ALJ further found that Plaintiff's history of aneurysms did not last at least twelve consecutive months or have any significant functional limitations. *Id.* Accordingly, the ALJ found that Plaintiff's hypertension and history of aneurysms were non-severe. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 22.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to lift up to fifty pounds occasionally and up to twenty pounds continuously; carry up to fifty pounds occasionally and twenty pounds continuously; never lift over fifty pounds; carry up to twenty pounds occasionally and ten pounds continuously, but never carry more than twenty pounds; sit for thirty minutes uninterrupted; stand for thirty minutes uninterrupted; walk for thirty minutes uninterrupted; sit for a

total of four hours, stand for a total of two hours, and walk for a total of two hours during an eight-hour workday; ambulate one hundred feet without use of a cane and carry objects with his free hand while doing so; continuously use his left hand upper extremity without restrictions for reaching, handling, fingering, feeling, pushing, and pulling; use his right dominant upper extremity frequently for handling, fingering, and feeling, and occasionally for reaching in all directions except overhead; can use his right dominant upper extremity occasionally for pushing and pulling; can never use his right upper extremity for reaching overhead; can continuously use his left foot for operating foot controls, but can no more than occasionally use his right foot for operating foot controls; can occasionally climb stairs and ramps, stoop, kneel, and crouch; can never climb ladders or scaffolds, balance, or crawl; can frequently work around humidity, wetness, dust, odors, fumes, and pulmonary irritants; can frequently work in extreme cold and extreme heat; can frequently work near vibrations; can occasionally work at unprotected heights and with moving mechanical parts; and can occasionally operate a motor vehicle. T. 22-23.

At step four, the ALJ determined that Plaintiff is unable to perform any of his past relevant work. T. 32. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are

jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of mail room clerk, school bus monitor, and small products assembler. T. 33. The ALJ accordingly found that Plaintiff is not disabled as defined in the Act. *Id.*

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172,

179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff seeks remand of this matter, arguing the ALJ's decision is not supported by substantial evidence. Plaintiff makes several specific arguments regarding the weight the ALJ afforded to the various medical opinions of record. However, upon review of the record, the Court finds that remand is necessary for the reason discussed below.

As set forth above, the ALJ made a detailed RFC finding at step three of the sequential analysis. *See* T. 22-23. As is relevant to the Court's determination, a portion of the RFC finding states that Plaintiff has the residual functional capacity to "lift up to fifty pounds occasionally and up to twenty pounds continuously and carry up to fifty pounds occasionally, and twenty pounds continuously, but can never lift over fifty pounds." T. 22 (emphasis added). However, the finding goes on to state Plaintiff "can carry up to twenty pounds occasionally and ten pounds continuously; however, he can never carry more than twenty pounds." *Id*. (emphasis added).

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing notwithstanding the impairments at issue. 20 C.F.R. § 404.1545(a). An ALJ's RFC determination must be "proper, internally consistent, and supported by substantial

6

evidence." *Race v. Colvin*, No. 1:14-CV-1357, 2016 WL 3511779, at *3 (N.D.N.Y. May 24, 2014). Here, there is a fundamental contradiction within the RFC itself; a claimant cannot both be able to carry up to fifty pounds, yet never carry more than twenty pounds. *See* T. 22. This irreconcilable internal inconsistency in the ALJ's RFC finding necessitates remand.

It is well established that an ALJ's decision must set forth sufficient evidence and rationale in his or her decision to allow the Court to provide meaningful review of his or her findings. *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("Remand may be appropriate, however, where . . . inadequacies in the ALJ's analysis frustrate meaningful review."); *Matthews v. Commissioner of Social Security*, No. 1:17-cv-00371-MAT, 2018 WL 4356495 at *4 (W.D.N.Y. Sept. 13, 2018) ("It is not the function of this Court to speculate as to the evidence and legal standards on which the ALJ based [his] decision, nor to supply its own rationale where the ALJ's decision is lacking or unclear." (internal quotation marks omitted)). Here, however, the ALJ set forth an RFC finding that is internally inconsistent with respect to Plaintiff's ability to carry. Moreover, nowhere in the decision does the ALJ explain how she reached her inconsistent conclusions regarding Plaintiff's carrying ability or provide any discussion that would allow the Court to reconcile the inconsistency.

In light of the inconsistency within the RFC itself, as discussed above, the ALJ has failed to provide a decision that permits the Court to conduct a meaningful review. If the Court does not know what the RFC finding is, it cannot find that it is supported by substantial evidence. *See Windom v. Colvin*, No. 6:14-CV-06652(MAT), 2015 WL 8784608, at *6 (W.D.N.Y. Dec. 15, 2015) (remanding where the RFC was confusing and arguably internally inconsistent). Accordingly, the Court remands this case for further administrative proceedings.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Docket No. 12) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge


Dated:     November 5, 2018
           Rochester, New York